DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

M&T BANK,                                    )
                                             )
             Plaintiff,                      )
                                             )
      v.                                     )          Civil Action No. 2013-0078
                                             )
JACQUELINE M. SOTO,                          )
a/k/a JACQUELINE SOTO,                       )
                                             )
             Defendant.                      )
_____)

Attorneys:
A. Jennings Stone, Esq.,
St. Thomas, U.S.V.I.
      *For Plaintiff*

MEMORANDUM OPINION

Lewis, Chief Judge

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff M&T Bank against Defendant Jacqueline M. Soto, a/k/a Jacqueline Soto ("Soto"). (Dkt. No. 14). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

BACKGROUND

On July 24, 2013, M&T Bank filed a Complaint against Soto, alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1). M&T Bank asserts that Soto is the titleholder of record to real property ("the Property"), described in the Quitclaim Deed as:

> Plot No. 41 Estate Mt. Welcome, Ea[s]t End Quarter "A" St. Croix, U.S. Virgin Islands, consisting of 2,441 sq. ft., more or less, as more fully shown and described on OLG Drawing No. 1727-3 dated September 22, 1966.

(Dkt. No. 15-1). The Complaint alleges that, on December 29, 2009, Soto executed and delivered to Allied Home Mortgage Capital Corporation ("Allied") a promissory note (the "Note"), which obligated her to pay the principal amount of $100,730.00, together with interest at a rate of 5.500% per annum, in consecutive monthly installments of $571.93 beginning February 1, 2010. *Id.*, ¶¶ 7-8. The Note was subsequently conveyed to M&T Bank. *Id.* ¶ 7. To secure payment of the Note, Soto granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Allied and its successors and assigns, a first priority mortgage dated December 29, 2009 over the Property (the "Mortgage"), which provided that Soto would pay to M&T Bank the payments due under the Note. *Id.* ¶¶ 10-11. On October 25, 2012, Allied assigned its entire interest in the Property to AllQuest Home Mortgage Corporation f/k/a Allied Home Mortgage Corporation; on October 23, 2012, AllQuest assigned its entire interest in the Property to Lakeview Loan Servicing LLC. ("Lakeview"); on February 19, 2013, Lakeview assigned its entire interest in the Property to M&T Bank. *Id.* ¶¶ 12-14.

With regard to the debt cause of action, the Complaint alleges that, on May 1, 2012, Soto defaulted under the terms and conditions of the Note in that monthly installments of principal and interest became due and were not paid; that M&T Bank gave notice of default to Soto by correspondence dated June 11, 2012, advising her that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default under the terms of both the Note and Mortgage had not been cured. *Id.* ¶¶ 17-19. As a result, pursuant to the terms of the Note and Mortgage, M&T Bank elected that the principal sum with all unpaid accrued interest be immediately due and payable. *Id.* ¶ 20.

The Complaint provides that Soto owes M&T Bank the unpaid principal balance, accrued interest, advances, expenses, fees, costs, and late charges. *Id.* ¶ 21. M&T Bank further alleges

that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 23-24.

With regard to the foreclosure cause of action, the Complaint provides that M&T Bank has actual possession of and ownership rights to the Note and Mortgage, allowing it to maintain the foreclosure action; that Soto is in default under the terms and conditions of the Mortgage; and that M&T Bank is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Soto. *Id.* ¶¶ 27-29.

Soto was personally served with copies of the Summons and Complaint on August 22, 2013. (Dkt. No. 4). She has neither answered the Complaint nor appeared in this action. On December 12, 2013, M&T Bank filed an Application for Entry of Default against Soto. (Dkt. No. 5). The Clerk of Court entered default against Soto on December 18, 2013. (Dkt. No. 7).

On August 13, 2014, M&T Bank filed its Motion for Default Judgment (the "Motion") (Dkt. No. 14), along with a Memorandum of Law in Support (Dkt. No. 15), a Declaration of Amounts Due (Dkt. No. 16), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 17). In its Memorandum of Law, M&T Bank argues that the procedural elements for default judgment have been satisfied because: Soto was properly served with copies of the Summons and Complaint; the Clerk of Court entered default against her; and she is not an infant or incompetent person, nor in the military service. (Dkt. No. 15 at 7). M&T Bank further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by Soto;

3

Soto executed the Note and the accompanying Mortgage; M&T Bank has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Soto defaulted under the terms of both the Note and the Mortgage; M&T Bank gave Soto proper notice of the default and she failed to cure the default; and M&T Bank elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 7-8. In addition, M&T Bank asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 8-11.

In support of the Motion, Plaintiff filed a Declaration of Amounts Due, signed by Dawn Ruberto, a Banking Officer at M&T Bank, who explained that the Bank's document management system keeps track, and maintains business records, of transactions related to the Mortgage and Note as part of the Bank's regularly conducted business activity. (Dkt. No. 16, ¶¶ 2-3). The Declaration sets forth the amounts due and owing through July 1, 2014: $97,568.90 in unpaid principal balance; interest from April 1, 2012 through July 1, 2014 of $12,074.13; late charges of $773.36; escrow advances of $5,942.08, consisting of payment of insurance and property taxes; insufficient funds charges of $20.00; attorney foreclosure fees of $3,133.82; property inspection fees of $266.00; property preservation fees of $14.00; payoff letter fee of $10.00; and fax fees of $15.00, for a total amount due of $119,817.29. *Id.* ¶ 14. Ms. Ruberto asserts that interest accrues at the per diem rate of $14.70. *Id.* ¶ 20.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, M&T Bank's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, billed between $250.00 and $300.00 per hour on this matter. (Dkt. No. 17). He attached billing records showing that the total time spent on this matter was 16.35 hours through August 13, 2014; that the total

amount of attorney's fees incurred was $4,717.50; and that the total amount of costs expended was $526.84. *Id.*; Dkt. No. 17-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to

5

[defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A.  Default Judgment

M&T Bank has satisfied all of the requirements necessary to obtain a default judgment against Soto. It has shown that: (1) default was entered against Soto by the Clerk of Court (Dkt. No. 7); (2) Soto has not appeared; (3) Soto is neither an infant nor an incompetent person (Dkt. No. 16, ¶ 22; *see also* Dkt. No. 4-1, Aff. of Process Server, describing Soto's age as "27"); and (4) Soto was validly served with process. (Dkt. No. 4). In addition, M&T Bank provided a copy of a Military Status Report from the Department of Defense Manpower Data Center showing that Jacqueline Soto was not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 16-7). M&T Bank has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 16).

The Court notes, however, that Ms. Ruberto's Declaration of Amounts Due contains a line item of $3,133.82 in attorney foreclosure fees, which is added to the total indebtedness. (Dkt. No. 16 ¶ 4). These fees, spanning from August 20, 2013 to May 12, 2014, are broken down into court filing fees, legal fees, and legal costs. *Id.* ¶ 18. The Court has compared the items in the Declaration of Amounts Due with the attorney's fees and costs set forth by counsel in his Declaration in Support of Costs and Attorney's Fees, which covers the period from March 14, 2013 to August 13, 2014. (Dkt. No. 17). The Court finds that there appears to be an overlap between the $3,133.82 in attorney's fees and costs set forth in the Declaration and the attorney's fees and costs set forth in the attorney's billing records. Consequently, the Court will reduce the total indebtedness due, as calculated by Ms. Ruberto in the Declaration of Amounts Due, by

$3,133.83 and will address the application for attorney's fees and costs below. The recalculated total indebtedness is $116,683.47.

The Court has also considered the *Chamberlain* factors and finds that the prejudice to M&T Bank resulting from Soto's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Soto's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment is appropriate.

**B. Attorney's Fees and Costs**

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 16-1, ¶ 6(E); Dkt. No. 16-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for

similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J.*, *Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

First, with regard to the hourly rate, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). M&T's Attorney, A.J. Stone, III, a senior associate at BoltNagi, PC, provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for partners at Virgin Islands law firms—who have over fifteen years of experience—is between $225.00 to $335.00 per hour. (Dkt. Nos. 15-3, 15-4, 15-5). Two of the affirmations indicate that associates are paid $250.00 per hour. *See* Dkt. No. 15-3 at 4 (noting that "the highest hourly billing rate for an associate attorney [at the declarant's firm] is $250.00/hr."); Dkt. No. 15-5 (stating that the typical associate attorney rate for foreclosure work is $250.00 per hour).

In his billing records, Attorney Stone charged $250.00 per hour from March 14, 2013 through July 23, 2013, and $300.00 per hour from December 11, 2013 through August 13, 2014.

(Dkt. No. 17-1). Based on the documentation provided, the Court concludes that the $250.00 per hour rate charged by Attorney Stone is reasonable and falls within the scope of rates for such services for comparable attorneys. However, the $300.00 per hour rate falls outside the scope of the documented reasonable rates for comparable attorneys. The Court will thus re-calculate the $4,717.50 in attorney's fees sought at a consistent $250.00 per hour rate. This re-calculated amount of attorney's fees is $4,087.50.

Second, with regard to the reasonableness of the time expended, M&T Bank seeks compensation for 16.35 hours of work billed in this matter. This amount is higher than fees requested in run-of-the-mill default judgment debt and foreclosure cases. *See, e.g., Bank of America v. Deshazer*, 2014 WL 7450487, at *5 (D.V.I. Dec. 30, 2014) (awarding $3,645.00 in attorney's fees for 14.55 hours of work); *Flagstar Bank FSB v. Rivers,* No. 12-cv-93, (D.V.I. Mar. 18, 2014) (awarding $2,107.50 in attorney's fees for 10.00 hours of work). Here, the billing records show that counsel spent twelve hours drafting the Motion for Default Judgment. Counsel does not explain why drafting these documents took such an extensive amount of time. The Court will therefore reduce the attorney's fees requested by $500.00, and finds that attorney's fees of $3,587.50 are reasonable and will be awarded.

With regard to costs, under the terms of the Mortgage, Soto agreed to "pay[] all expenses incurred in enforcing this Security Instrument[.]" (Dkt. No. 16-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement

of $526.84 for the following costs: recording fees, on-line searches on Accurint (People/Business search), filing fees for Complaint, process server fees, and postage. (Dkt. No. 17-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $526.84.

## CONCLUSION

M&T Bank has satisfied the requirements necessary for entry of a default judgment against Jaqueline M. Soto, a/k/a Jacqueline Soto. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 14) on the debt and foreclosure causes of action will be granted. In addition, the Court will award $3,587.50 in attorney's fees and $526.84 in costs, for a total award of $4,114.34 in attorney's fees and costs through August 13, 2014.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 31, 2015                          _____/s/_____
                                              WILMA A. LEWIS
                                              Chief Judge